ORIGINAL

RECEIVED
CLERK'S OFFICE
2010 MAR 26
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA
2010 MAR 26  AM 8:40

_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  Plaintiff,  v.  HOWARD SHEPPARD, INC.,  Defendant. | Civil Action No. 5:10-CV-118  JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Sarah Waller who was adversely affected by such practices. Plaintiff alleges that Howard Sheppard, Inc. violated Title VII by terminating Waller in retaliation for engaging in the protected activity of reporting and/or opposing sexual harassment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

1

42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII.

4. At all relevant times, Defendant, Howard Sheppard, Inc. ("Defendant") has continuously been doing business in the State of Georgia and the City of Sandersville and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII.

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Waller filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least on or around August 29, 2007, Defendant has engaged in unlawful employment practices at its Sandersville, Georgia, facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Waller in retaliation for engaging in protected activity by reporting and/or opposing alleged sexual harassment.

8.     Specifically, Defendant terminated Waller after she made several complaints to members of management regarding instances in which two of Waller's male co-workers made comments of a sexual nature to or about Waller.

9.     Throughout August of 2007 the two male co-workers made sexual comments directly to Waller and sex-based comments about her over CB radio airwaves.

10.    Waller made a final complaint on August 29, 2007 to manager Johnny Durden, who then informed Mark Edens, Director of Human Resources and Safety.

11.    On the same day, August 29, 2007, Edens had a meeting with Waller and Durden to discuss Waller's sex harassment allegations, during which, Edens called Waller a "troublemaker" and summarily terminated Waller's employment.

12.    Waller was terminated because of her complaints of sexual harassment.

13.    Defendant's articulated nondiscriminatory reasons for Waller's

separation from employment are pretextual and otherwise unworthy of credence.

14. The effects of the practices complained of in Paragraphs 7-12, above, have been to deprive Waller of equal employment opportunities and otherwise adversely affect her status as an employee because of her protected activity.

15. The unlawful employment practices complained of in Paragraphs 7-12, above, were intentional.

16. The unlawful employment practices complained of in Paragraphs 7-12, above, were carried out with malice and/or reckless indifference to the federally protected rights of Waller.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating, or otherwise retaliating against, employees for engaging in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Waller, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Waller, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7-11, above, including job search expenses in amounts to be determined at trial.

E. Order Defendant to make whole Waller, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7-11, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay to Waller punitive damages for Defendant's malicious and/or reckless conduct described in Paragraphs 7-11, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

Jury Trial Demand and Signature Page follows:

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

3/24/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206

Larry E. Pope, Jr.
Trial Attorney
Georgia Bar No. 142266

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6816
Facsimile:   (404) 562-6905
larry.pope@eeoc.gov